In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1623

United States of America,

Plaintiff-Appellee,

v.

Bradley Carl Brown,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 00-CR-104-S--John C. Shabaz, Judge.

Argued November 7, 2001--Decided January 10, 2002


   Before Flaum, Chief Judge, and Posner and
Kanne, Circuit Judges.

   Posner, Circuit Judge.  The defendant
pleaded guilty to bank robbery in
violation of 18 U.S.C. sec. 2113(a) and
was then sentenced to life in prison
under the federal "three strikes and
you're out" law, 18 U.S.C. sec. 3559(c).
That law requires a life sentence upon
conviction of a "serious violent felony,"
defined to include bank robbery, 18
U.S.C. sec. 3559(c)(2)(F)(i), if, so far
as is relevant to this case, the
defendant has previously been convicted
of two "serious violent" felonies. But
the statute goes on to provide that a
robbery shall not qualify as a serious
violent felony "if the defendant
establishes by clear and convincing
evidence" that (again, so far as bears on
this case) he did not use a "firearm or
other dangerous weapon" and did not
inflict a "serious bodily injury," 18
U.S.C. sec. 3559(c)(3)(A), which the
statute, incorporating by reference 18
U.S.C. sec. 1365(g)(3), defines as bodily
injury that involves "a substantial risk
of death," "extreme physical pain,"
"protracted and obvious disfigurement,"
or "protracted loss or impairment of the
function of a bodily member, organ, or
mental faculty." Brown concedes that he
has two prior qualifying convictions but
argues that his latest offense, the one

he has been sentenced to life in prison for, is nonqualifying, and alternatively that the statute violates due process by imposing on him the burden of proving that a robbery is nonqualifying.

Brown had brandished a baseball bat during the robbery; and during his escape he had rammed a police officer's car, causing a muscle in the officer's leg and calf to tear, which required hospitalization, crutches, and a prescription for pain medication, although the officer refused the medication because he was allergic to it. Brown's assault did not create a substantial risk of death, nor did it cause disfigurement, or protracted loss or impairment of the function of the leg; but the officer testified that he experienced extreme pain for eight days, and, since the testimony was uncontradicted and was believed by the sentencing judge, that was enough to knock out the defense that the offense was nonqualifying. In addition, a baseball bat, when used as Brown used it, becomes a dangerous weapon, United States v. Johnson, 199 F.3d 123, 126 (3d Cir. 1999); Corder v. State, 467 N.E.2d 409, 412 (Ind. 1984); State v. Tomlinson, 635 N.W.2d 201, 212, 213 (Wis. App. 2001); Hill v. State, 516 So. 2d 876, 882 (Ala. Crim. App. 1987); it can cause grievous injury or even death. Foster v. Schomig, 223 F.3d 626, 628 (7th Cir. 2000); Simpson v. Matesanz, 175 F.3d 200, 202 (1st Cir. 1999); People v. Fair, 636 N.E.2d 455, 476 (Ill. 1994); People v. Flowers, 561 N.E.2d 674, 676 (Ill. 1990); Perigo v. State, 541 N.E.2d 936, 938 (Ind. 1989); State v. Tomlinson, supra, 635 N.W.2d at 212; State v. Truax, 444 N.W.2d 432, 433 (Wis. App. 1989); cf. Chandler v. Moore, 240 F.3d 907, 913 (11th Cir. 2001). So Brown's first argument fails twice over.

Brown's second argument relies on the ubiquitous Apprendi case, Apprendi v. New Jersey, 530 U.S. 466 (2000), which Brown interprets to mean that any fact that increases a defendant's sentence must be proved by the prosecution beyond a reasonable doubt. However, as the other courts to consider this argument have held, United States v. Gatewood, 230 F.3d 186, 192 (6th Cir. 2000) (en banc); United States v. Weaver, 267 F.3d 231, 251 (3d Cir. 2001); United States v.

Gray, 260 F.3d 1267, 1279 n. 5 (11th Cir. 2001), Apprendi leaves undisturbed the principle that while the prosecution must indeed prove all the elements of the offense charged beyond a reasonable doubt, Apprendi v. New Jersey, supra, 530 U.S. at 477; United States v. Bjorkman, 270 F.3d 482, 491 (7th Cir. 2001) (per curiam), the legislation creating the offense can place the burden of proving affirmative defenses on the defendant. E.g., Martin v. Ohio, 480 U.S. 228, 235–36 (1987). What is more, it can be a heightened burden of proof, like proof beyond a reasonable doubt, Leland v. Oregon, 343 U.S. 790, 798 (1952), and even more clearly therefore it can be as in this case the lesser burden of proof by clear and convincing evidence. Apprendi v. New Jersey, supra, 530 U.S. at 487 n. 13; Patterson v. New York, 432 U.S. 197, 207–08 (1977).

The first half of this rule comes from the principle that due process requires the prosecution in a criminal case to prove the defendant's guilt beyond a reasonable doubt. This principle implies that the prosecution must prove each element of the offense beyond a reasonable doubt. Fiore v. White, 531 U.S. 225, 228-29 (2001) (per curiam); Apprendi v. New Jersey, supra, 530 U.S. at 477; United States v. Gaudin, 515 U.S. 506, 510 (1995); United States v. Stott, 245 F.3d 890, 908 (7th Cir. 2001); Eaglin v. Welborn, 57 F.3d 496, 500 (7th Cir. 1995). A defendant cannot be convicted of an offense unless all its elements are proved. Therefore, if the prosecution didn't have to prove one of the elements beyond a reasonable doubt, this would imply that a defendant could be convicted upon something less than proof beyond a reasonable doubt.

It is a different question what if any limits there are on a legislature's power to determine what shall be the elements of an offense and what shall be defenses for the defendant to prove. The Supreme Court has said that it would be unconstitutional for a state to reclassify all the elements of a crime as affirmative defenses. That would amount to a legislative declaration that any individual charged with a crime was presumptively guilty of it and so would erase the presumption of innocence, McMillan v. Pennsylvania, 477 U.S. 79,

86-87 (1986); Patterson v. New York, supra, 432 U.S. at 210, 211-12 n. 13, which these and other cases treat, though with minimal discussion, as a component of due process of law. See Carella v. California, 491 U.S. 263, 265 (1989) (per curiam); Holbrook v. Flynn, 475 U.S. 560, 567 (1986); Sandstrom v. Montana, 442 U.S. 510, 521-23 (1979); In re Winship, 397 U.S. 358, 363, 364 (1970); United States v. Seale, 461 F.2d 345, 372 (7th Cir. 1972); United States v. Doyle, 130 F.3d 523, 534-35 (2d Cir. 1997). Maybe the point seems too obvious to require elaboration or historical investigation. It would indeed be grotesque and indecent for a legislature to define the offense of murder as any killing of a human being and place on the defendant the burden of proving that the killing was unintentional. In Martin v. Ohio, supra, 480 U.S. at 236, the Supreme Court did hold that a state could place the burden of proving self-defense on the defendant in a murder case, but killing in self-defense is deliberate, though justifiable.

This case does not involve erosion of the principle that all elements of the offense must be proved beyond a reasonable doubt or of the principle that wholesale conversion of offense elements to affirmative defenses would be an impermissible infringement of the presumption of innocence. The federal "three strikes" law does not alter the existing statutory definition of bank robbery. It just allows the defendant to show that the particular robbery he committed was not very violent. There is an analogy to such partial defenses as provocation and limited mental capacity, Patterson v. New York, supra, 432 U.S at 205-06, which also enable a defendant to show that his particular conduct was less culpable than that of the average perpetrator of the offense with which he is charged. The novelty of the particular defense at issue here is not an objection of constitutional magnitude. See id. at 207; Apprendi v. New Jersey, supra, 530 U.S. at 483-84. It would be absurd to discourage states from recognizing new defenses by saying that prosecutors must negate any new defense beyond a reasonable doubt while the burden of proving old defenses may be placed on defendants.

Affirmed.