NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

May 9, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 01-2065

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Eastern District of Wisconsin, |
| *Plaintiff-Appellee,* | |
| *v.* | No. 98 CR 104 |
| WILFREDO VASQUEZ, also known as PITO, also known as PETE, | Lynn Adelman, *Judge.* |
| *Defendant-Appellant.* | |

**ORDER**

Wilfredo Vasquez appealed his conviction and sentence for racketeering and drug conspiracy charges. We affirmed his conviction, *United States v. Olson*, 450 F.3d 655 (7th Cir. 2006), and ordered a limited remand to ask whether the district court would have imposed the same sentence under an advisory regime. *United States v. Paladino,* 401 F.3d 471, 483-84 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 1343 (2006). *See also United States v. Booker*, 543 U.S. 220 (2005). The district court has now indicated that it would impose the same sentence knowing that the guidelines are advisory rather than mandatory. *United States v. Vasquez*, No. 98-

CR-104 (E.D. Wis. filed Nov. 3, 2006) (hereafter "Memorandum").  We invited Vasquez and the United States to respond to the district court's Memorandum. Vasquez has not responded.  The United States urges us to affirm the sentence as reasonable given the nature of Vasquez's conduct, which included three murders, numerous attempts at murder, witness tampering, and large-scale drug trafficking.

Both Vasquez and the government agreed on remand that the properly calculated guidelines range is a sentence of life.  The government notes that the presentence report calculated an offense level of 53 and a criminal history category of V for Vasquez.  The highest offense level included in the relevant version of the guidelines is 43 and thus Vasquez exceeded the most egregious level included in the guidelines chart by ten levels.  The district court thus correctly found that the guidelines range for Vasquez is life.  Vasquez argued before the district court that a sentence of less than life imprisonment would be sufficient under the factors outlined in 18 U.S.C. § 3553(a).

In its very thorough Memorandum, the district court carefully considered the factors set forth in 18 U.S.C. § 3553(a), applying each section to Vasquez's particular circumstances.  In assessing the nature of the offense, the court recounted the facts of three brutal murders, numerous shootings and murder attempts, a kidnapping, an attempted kidnapping, numerous beatings, drug trafficking, and witness tampering.  The court noted that Vasquez held a leadership position in the Latin Kings, a role that he "relished."  The court commented that Vasquez "offers absolutely no mitigation for any of his conduct, which is among the most violent, depraved and indifferent to human life imaginable."  In evaluating Vasquez's character, the court found that by the age of twenty-four, he had acquired a serious record of criminal conduct, fathered three children for whom he failed to provide adequate support, and used marijuana on a daily basis.  On balance, the court considered evidence that Vasquez had a difficult childhood, had made some attempts to leave gang life behind, and had obtained his GED while in prison.  But Vasquez had also continued to engage in gang activity while in prison awaiting trial in this matter, including participating in the brutal beating of a jail guard.  The court found that the positive factors could not outweigh the negative factors in Vasquez's character and background.

The court also thoroughly considered the purposes of sentencing in determining that a life sentence was necessary and appropriate.  Vasquez's crimes qualified as the worst the district court encountered.  The court found a life sentence necessary to satisfy the need for just punishment, to promote respect for the law, to deter Vasquez and others from committing similar crimes, and to avoid unwarranted disparity in sentencing.  The court thus determined that it would have imposed the same sentence had it known the guidelines were advisory rather than mandatory.

We have held that a properly calculated guidelines sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Vasquez has provided no reason to rebut that presumption, and the district court has given a very thorough analysis of the section 3553(a) factors in support of that sentence. *See United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005) (holding that the sentencing judge need only provide an adequate statement of the judge's reasoning, consistent with section 3553(a), for thinking that the sentence selected is indeed appropriate for the particular defendant). Under the law of this circuit, that is enough to affirm the sentence as reasonable.

The Supreme Court has issued a writ of certiorari to determine whether presumptions like the one adopted in *Mykytiuk* are consistent with *United States Booker*, 543 U.S. 220 (2005). *See United States v. Rita*, 177 Fed. Appx. 357 (4th Cir. 2006), *cert. granted*, 127 S. Ct. 551 (2006). We have therefore assessed the reasonableness of Vasquez's sentence without applying any presumptions. *See United States v. Nitch*, 477 F. 3d 933, 937-38 (7th Cir. 2007). Without applying the *Mykytiuk* presumption, we find that the district court's choice of sentence was reasonable. The nature of Vasquez's crimes, his continued criminal activity in prison, his lack of remorse, the need for specific and general deterrence, and all of the other factors detailed in the district court's Memorandum fully support a sentence of life imprisonment. We therefore affirm that sentence and the judgment of the district court.

AFFIRMED.