NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 5, 2009[*]
Decided October 6, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1805

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 98-CR-104 |
| WILFREDO VASQUEZ, *Defendant-Appellant.* | Lynn Adelman, *Judge*. |

**O R D E R**

Wilfredo Vasquez, a federal inmate, filed a postjudgment motion asking the district court to set a payment schedule for his fine and restitution. Vasquez insists that the Bureau of Prisons should not be permitted to decide how much he pays and when. The district court denied his motion, and we affirm the judgment.

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Vasquez was convicted in 2001 of racketeering and drug dealing. *See* 18 U.S.C. § 1962; 21 U.S.C. §§ 846, 841(a)(1). He was sentenced to life in prison and ordered to pay restitution of $4,141 and a fine of $2,500. The district court did not set a payment schedule. Vasquez filed a direct appeal but did not challenge the restitution or fine. We affirmed his convictions and sentence. *See United States v. Olson*, 450 F.3d 655 (7th Cir. 2006); *United States v. Vasquez*, 223 Fed.Appx. 509 (7th Cir. 2007).

In 2009, Vasquez submitted a pro se motion requesting that the district court set a payment schedule. He argued that the BOP was taking excessive and arbitrary amounts from his prison trust account and that the court must set a schedule. In denying the motion, the court explained that payments during incarceration should be handled through the Inmate Financial Responsibility Program. *See* 28 C.F.R. §§ 545.10-.11. The court also informed Vasquez that he should use the BOP's administrative procedures to challenge the agency's application of the IFRP. Vasquez instead filed this appeal.

Vasquez asserts in his brief that the district court "arbitrarily" denied his motion, but he does not point to any mistake in the court's decision or reasoning. When a fine or restitution is not paid immediately, the sentencing court should leave collection during incarceration to the BOP. *See United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008); *see also United States v. Hatten-Lubick*, 525 F.3d 575, 582 (7th Cir. 2008). The IFRP is a voluntary program, *see* 28 C.F.R. § 545.10-.11, but the BOP is authorized to deny an inmate privileges if he refuses to participate, *see* 28 C.F.R. § 545.11(d); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008); *McGhee v. Clark*, 166 F.3d 884, 887 (7th Cir. 1999).

The district court correctly recognized that it lacks authority to intervene directly in the administration of the IFRP. Vasquez is required to use available administrative appeals before asking the district court to review the actions of prison authorities, and even then review will be limited. *See Sawyer*, 521 F.3d at 794; *McGhee*, 166 F.3d at 887. Vasquez did not make use of the BOP's administrative remedies, *see* 28 C.F.R. § 542.13-.15, so he was premature in asking the district court to step in.

AFFIRMED.