**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 3, 2010[*]
Decided March 4, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

Nos. 08-4282 & 09-1218

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | Nos. 07 CR 652-2, 07 CR 652-3 |
| JEROME SCOTT & | |
| CHARLES LAWRENCE, | Elaine E. Bucklo, |
| *Defendants-Appellants.* | *Judge*. |

**O R D E R**

In this consolidated criminal appeal, Jerome Scott and Charles Lawrence appeal from respective criminal judgments sentencing them each to prison terms for conspiracy to

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the records.  *See* FED. R. APP. P. 34(a)(2)(B).

possess with intent to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), 18 U.S.C. § 2, and consecutive sentences for possession of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). Defendants argue that because they were subject to a longer mandatory-minimum sentence under § 841(a)(1), the district court should not have imposed a consecutive five-year sentence under § 924(c)(1)(A). We affirm.

Scott and Lawrence were charged in a multiple-count indictment in connection with a government sting operation. A confidential informant approached another co-defendant (not a party to this appeal) with a plan to rob a drug warehouse. That co-defendant brought the plan to Scott and Lawrence and all agreed to assist the informant. All three were eventually arrested and charged in connection with the plot. Both Scott and Lawrence pleaded guilty in September 2008 and were sentenced in separate proceedings. Scott was sentenced to 168 months' imprisonment for the drug offense, below the properly calculated range of 188 to 235 months, and a mandatory, consecutive 60 months under § 924(c)(1)(A). Lawrence was sentenced to 124 months' imprisonment for the drug offense, below the properly calculated range of 135 to 168 months, and a mandatory, consecutive 60 months under § 924(c)(1)(A). Because each defendant was found to be responsible for more than 5 kilograms of cocaine, their respective drug counts carried a mandatory-minimum sentence of 120 months' imprisonment. 21 U.S.C. § 841(b)(1)(A). Both acknowledged at sentencing that a consecutive, mandatory-minimum sentence on the gun charge was correct.

On appeal defendants argue for the first time that the district court was incorrect to give each of them a mandatory consecutive sentence under § 924(c)(1)(A); they rely instead on an approach adopted by the Second Circuit determining that a district court may not impose an additional consecutive term of imprisonment for violating § 924(c) if the term would be shorter than the mandatory minimum required by another count of conviction. *See United States v. Williams*, 558 F.3d 166, 168 (2d Cir. 2009); *United States v. Whitley*, 529 F.3d 150, 158 (2d Cir. 2008).

The defendants did not raise this issue before the district court and the government argues that the defendants waived the argument by failing to do so. We disagree. To waive an issue in a criminal matter, a defendant must intentionally relinquish a known right, *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *United States v. Acox*, No. 09-1258, 2010 WL 431698, at *1 (7th Cir. Feb. 9, 2010); *United States v. Garcia*, 580 F.3d 528, 541 (7th Cir. 2009). But we construe waiver principles liberally in criminal matters to avoid unnecessary waiver. *See United States v. Farmer*, 543 F.3d 363, 372 (7th Cir. 2008); *United States v. Sumner*, 265 F.3d 532, 539 (7th Cir. 2001). Although both defendants did acknowledge at sentencing the mandatory, consecutive nature of § 924(c)(1)(A), such was the understanding of the

statute at that time.  Defendants could not have intentionally relinquished their right to challenge the consecutive, mandatory sentence if they then believed it foreclosed.

Even so, defendants' argument cannot succeed.  In *United States v. Easter*, we recently rejected the Second Circuit's approach and joined the majority of circuits that have upheld the imposition of a mandatory, consecutive sentence under § 924(c)(1)(A) irrespective of the other mandatory-minimum sentences to which the defendant is subject. *See United States v. Easter*, 553 F.3d 519, 525 (7th Cir. 2009); *see also United States v. Mitten*, 592 F.3d 767, 778-79 (7th Cir. 2010) (reaffirming *Easter*).  We decline to revisit the issue today. The district court's order is **AFFIRMED**.