In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1425

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

SHABAKA K. BOYD,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 08 CR 50019—**Frederick J. Kapala**, *Judge.*

ARGUED MARCH 2, 2010—DECIDED JUNE 11, 2010

Before WOOD, WILLIAMS, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Appellant Shabaka Boyd pled guilty to possessing powder and crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1); possessing a firearm as a felon, 18 U.S.C. § 922(g)(1); and possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). The district court sentenced Boyd to 274 months in prison for the drug offense, 120 months for the section 922(g) firearm offense, and

60 months for the section 924(c) firearm offense. The first two terms run concurrently, but the 60-month term under section 924(c) runs consecutively to the others for a total sentence of 334 months in prison, followed by five years of supervised release. The court also ordered Boyd to pay a $500 fine and a special assessment of $300, with the instruction: "During the term of incarceration, the payment of the fine and special assessment shall be paid in accordance with the Bureau of Prisons Inmate Financial Responsibility Program." The written judgment includes the special instruction to make payments "through the Federal Bureau of Prisons' Inmate Financial Responsibility Program." Boyd voiced no objection at sentencing to the fine or assessment, or to the court's payment instructions.

Boyd appeals his sentence. We affirm the sentence, but we modify it to make clear that participation in the Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP") is voluntary. The district court may not require participation as part of its sentence.

I. *The Consecutive Sentences*

Boyd first argues that the ten-year mandatory minimum term that he faced for his section 841(a)(1) drug violation barred the district court from imposing the 60-month consecutive sentence for his section 924(c) firearm offense. Subsection (1)(A) of section 924(c) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by

any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

> (i) be sentenced to a term of imprisonment of not less than 5 years;

> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Subsection (1)(D)(ii) further provides: "Notwithstanding any other provision of law, . . . no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment."

Boyd reads the first phrase of subsection (1)(A) to mean that a sentence cannot be imposed for a conviction under section 924(c) in any prosecution where the defendant also faces a higher mandatory minimum sentence on another count of conviction. We rejected this argument in *United States v. Easter*, 553 F.3d 519 (7th Cir. 2009), *cert. denied sub nom. McKay v. United States*, 130

S. Ct. 1281 (2010). We held in *Easter* that the "except" clause in section 924(c)(1)(A) applies only to minimum sentences for a section 924(c)(1) offense—not to minimum sentences for other counts of conviction. 553 F.3d at 526.

Eight circuits have rejected Boyd's position; only the Second and Sixth Circuits have endorsed it. See *United States v. Whitley*, 529 F.3d 150, 152-58 (2d Cir. 2008); *United States v. Williams*, 558 F.3d 166, 168-75 (2d Cir. 2009), *petition for cert. filed*, 78 U.S.L.W. 3254 (U.S. Oct. 20, 2009) (No. 09-466); *United States v. Almany*, 598 F.3d 238, 241-42 (6th Cir. 2010). The Supreme Court has granted certiorari in two consolidated cases to settle the issue. See *Abbott v. United States*, 574 F.3d 203 (3d Cir. 2009), *cert. granted*, 130 S. Ct. 1284 (U.S. Jan. 25, 2010) (No. 09-479); *Gould v. United States*, 329 F. App'x 569 (5th Cir. 2009) (nonprecedential decision), *cert. granted*, 130 S. Ct. 1283 (U.S. Jan. 25, 2010) (No. 09-7073). Boyd asks us to overrule *Easter*, but we believe its reasoning remains sound. We have consistently declined to overrule the decision, and we decline again here. See *United States v. Mitten*, 592 F.3d 767, 779 (7th Cir. 2010); *United States v. Haynes*, 582 F.3d 686, 712 (7th Cir. 2009); see also *United States v. Scott*, 2010 WL 729246, at *2 (7th Cir. Mar. 4, 2010) (nonprecedential decision). The district court did not err in imposing the prison term in Boyd's sentence.

## II. *The Inmate Financial Responsibility Program*

Boyd's second argument on appeal is that the district court erred when it ordered him to pay his fine and

special assessments through the IFRP, under which staff members from the Bureau of Prisons assist inmates in developing plans to meet their financial obligations. See 28 C.F.R. § 545.10. Inmates who do not participate may lose a number of privileges identified in 28 C.F.R. § 545.11(d), which include participating in the UNICOR prison job training program, furloughs, and outside work details, and having higher commissary spending limits, access to higher-status housing, and access to community-based programs. Boyd objects that the IFRP is a voluntary program, so that the sentencing court could not command his participation. He urges us to remand his case so that the district court can delete the requirement from the judgment. Boyd did not raise this issue before the district court, so we review only for plain error.

The IFRP can be an important part of a prisoner's efforts toward rehabilitation, but strictly speaking, participation in the program is voluntary. We have described participation as voluntary in several nonprecedential decisions. See *United States v. Vasquez*, 333 F. App'x 125, 126 (7th Cir. 2009); *United States v. Mayo*, No. 08-3261, slip op. at 3 (7th Cir. July 20, 2009); *United States v. Love*, 329 F. App'x 667, 668 (7th Cir. 2009). As those decisions recognize, an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP, but the inmate's participation cannot be compelled. See also *United States v. Lemoine*, 546 F.3d 1042, 1047 (9th Cir. 2008) ("An inmate is free to decline to participate in the IFRP, but the failure either to participate or to comply with a financial plan created pursuant

to the program carries certain consequences."). It is not clear to us why Boyd does not want to participate in the program and prefers to forgo the relevant privileges and to pay the modest sums he owes after he finishes his lengthy prison sentence, but that is his position here.[1]

The government acknowledges that the IFRP is voluntary and that it would be error to order participation, but the government argues that the district court never actually ordered Boyd to participate in the program. According to the government, the district court must have contemplated that Boyd could opt not to participate in the IFRP because the court also said that if he did not pay his fine and special assessment in full before his release from prison, he would have to pay at least 10 percent of his earnings toward them while on supervised release. Both the court's oral statements and its written judgment, the government says, support the view that the court left participation in the IFRP up to Boyd.

We disagree. The district court's words—an explicit oral directive that payments "shall" be made through the IFRP, consistent with a written instruction that the monetary sanctions are "to be paid through" the

---

[1] When a defendant owes fines and restitution of more than $2,500, the law provides that interest accrues on unpaid amounts unless the court waives or limits the accrual. See 18 U.S.C. § 3612(f). We see no obstacle to a district court considering a defendant's stated intentions regarding the IFRP when deciding whether to waive or limit interest.

IFRP—plainly ordered Boyd to participate in the IFRP. The government's reading is strained at best. If the government really believes that the court intended for Boyd to participate in the program only if he chooses to do so, then the government should have no objection to Boyd's request that the judgment be corrected to remove doubt about the nature of his participation. Instead, the government opposes relief.

Was this a plain error? The government says that correcting the judgment is unnecessary because any error in ordering Boyd to participate in the IFRP did not seriously affect the fairness, integrity, or public reputation of the proceedings in the district court. See *United States v. Lewis*, 597 F.3d 1345, 1347 (7th Cir. 2010). Boyd takes the opposite view and points to *Mayo*, in which the defendant did not object to the district court's IFRP order. We concluded that an appellate challenge to compelled participation in the program would not be frivolous and denied his lawyer's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967). The parties in *Mayo* accepted our invitation to file a joint motion for remand. We granted the motion, vacated the sentence, and directed the district court to impose a sentence without ordering participation in the IFRP. *United States v. Mayo*, No. 08-3261 (7th Cir. Sept. 2, 2009) (nonprecedential decision).

As the government concedes, the Bureau of Prisons lacks the power to compel participation in the IFRP. Administrators may establish a payment schedule, but a prisoner may choose instead to bear the consequences

of not participating. *See* 28 C.F.R. § 545.11(d); *Lemoine*, 546 F.3d at 1046-47. After conceding that the IFRP is voluntary, the government fails to explain how the district court's order to participate can be correct. In the government's view, the court did nothing more than order Boyd to pay what he owes, *see United States v. Sawyer*, 521 F.3d 792, 797 (7th Cir. 2008), and correcting the error now would promote "expensive, technical, but essentially meaningless do-overs," *United States v. Tejeda*, 476 F.3d 471, 475 (7th Cir. 2007). But *Sawyer* and *Tejeda* addressed situations in which district courts did not do at sentencing what they were required to do by statute. The district court in *Tejeda* erred when it delegated to the probation office its own obligation to determine the frequency of drug testing for a defendant on super-vised release. *Tejeda*, 476 F.3d at 473-74. And the district courts in *Sawyer* erred when they failed to set post-imprisonment restitution payment schedules for defendants who could not pay immediately. *Sawyer*, 521 F.3d at 796.

In this case, however, the district court's error was not one of delegation or omission. The court over-stepped its bounds when it ordered him to participate in the IFRP. We conclude that this error was plain. That term of the judgment cannot be enforced as written, and the Bureau of Prisons cannot look to it as authority for compelling Boyd to participate in the IFRP. Boyd's participation, like that of all imprisoned defen-dants, must remain voluntary, though subject to the loss of privileges identified in 28 C.F.R. § 545.11(d).

We have considered the possibility that the sentence should be vacated in its entirety, so that the district court could consider all portions of the sentence, including the custody term, as part of a full resentencing. If the sums in question were substantially greater, or if there were indications in the record that the district judge linked expected participation in the IFRP to other aspects of the sentence, we would be inclined to do so, leaving the district court to fashion an entirely new sentence with the recognition that participation in the IFRP may not be required. In this case, however, because these sums are so modest, because there is no indication of such linkage in the record, and because the government has not argued for a full resentencing as an appropriate remedy, we see no reason to take that step. Instead, we conclude that in this case, a simple modification in the district court's sentence will suffice to correct the error. With the modification of clarifying that Boyd's participation in the Inmate Financial Responsibility Program is voluntary, the district court's judgment is AFFIRMED AS MODIFIED.