NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 13, 2010
Decided July 15, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 09-2943 | Appeal from the<br>United States District Court for the |
| UNITED STATES OF AMERICA,<br>      *Plaintiff-Appellee,* | Northern District of Illinois,<br>Western Division. |
| *v.* | No. 08 CR 50027-1 |
| ERNESTO A. MARTINEZ,<br>      *Defendant-Appellant*. | Frederick J. Kapala,<br>*Judge.* |

**O R D E R**

Ernesto Martinez and fellow members of the Latin Kings street gang hatched a kidnapping scheme.  The plan was basic enough: They would force the victim from his car at gunpoint, bind him, shove him into a van, and confine him in a basement until a ransom was paid.  The scheme collapsed, however, when their victim, bruised and bloodied, escaped from the basement before Martinez and his coconspirators could demand ransom.

Martinez pleaded guilty to conspiracy to kidnap, 18 U.S.C. § 1201(c), and use of a firearm during a crime of violence, *id*. § 924(c)(1)(A).  The district court sentenced him to 300 months for the kidnapping offense and 84 months for the firearm conviction, the two

terms to run consecutively.  The court also imposed a $500 fine and $200 in special assessments.  The judgment directs Martinez to pay the penalties through the Federal Bureau of Prisons' Inmate Financial Responsibility Program.  Martinez filed a timely notice of appeal, and his appointed attorney has moved to withdraw because he believes the appeal is frivolous.  *See Anders v. California*, 386 U.S. 738 (1967).  Martinez opposes counsel's motion.  *See* CIR. R. 51(b).

Martinez has told counsel that he wants his guilty pleas set aside, so counsel first examines whether Martinez could challenge the voluntariness of his pleas or the adequacy of the plea colloquy.  *See* FED. R. CRIM. P. 11.  Martinez did not move to withdraw his guilty pleas in the district court, so our review would be for plain error.  *See United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008).

Counsel asserts that there was one omission in the Rule 11 colloquy: The district court did not advise Martinez "that he could be subject to forfeiture."  But this was not an omission; Rule 11 requires the district court to inform the defendant about "any applicable forfeiture," FED. R. CRIM. P. 11(b)(1)(J), and in this case no forfeiture was contemplated.  Therefore, there is no nonfrivolous basis on which to set aside the guilty plea.

In his Rule 51(b) response, Martinez argues that the district court erred by increasing his offense level under U.S.S.G. § 2A4.1(b)(1), which calls for a six-point bump if a demand for ransom "was made."  There was no ransom demand here, but the district court could still apply the enhancement if it found with reasonable certainty that Martinez or his coconspirators had specifically planned to make one.  U.S.S.G. § 2X1.1(a); *United States v. Holmes*, 975 F.2d 275, 281 (6th Cir. 1992); *United States v. Depew*, 932 F.2d 324, 329 (4th Cir. 1991); *see also United States v. Almaguer*, 146 F.3d 474, 476 (7th Cir. 1998).  The evidence at sentencing left little doubt that money was the motive behind the plot and that the kidnapers would have demanded a ransom had their victim not escaped.  The evidence included the testimony of a fellow gang member who heard the subject of ransom discussed in the presence of Martinez and who later discussed the topic with Martinez personally, the victim's testimony that his captors asked for the phone number of a family member who would pay for his release, and the testimony of a coconspirator (along with Martinez's admission in his plea agreement) that Martinez was present when the victim was asked to supply a phone number for the ransom demand.

Martinez also argues that the district court erred in applying a two-level upward adjustment for serious bodily injury sustained by the victim.  *See* U.S.S.G. § 2A4.1(b)(2)(B).  But in light of the victim's unrebutted testimony at sentencing, this argument, too, would be frivolous.  The victim, who was choked, beaten with a gun, and burned with a torch, suffered extremely painful injuries to his head and face that required hospitalization and

stitches and left him too dizzy to walk.  That fact alone provided good cause for the adjustment, *see id*. § 1B1.1 cmt. n.1(L); *United States v. Brown*, 276 F.3d 930, 931-32 (7th Cir. 2002), but the victim also suffered long-term injuries, including reoccurring headaches and loss of vision and hearing.  Such lasting impairments also fit comfortably inside the guidelines' description of "serious bodily injury."  *See* U.S.S.G. § 1B1.1 cmt. n.1(L).; *United States v. Webster*, 500 F.3d 606, 607-08 (7th Cir. 2007); *United States v. Torrealba*, 339 F.3d 1238, 1246 (11th Cir. 2003); *United States v. Bogan*, 267 F.3d 614, 624 (7th Cir. 2001).

Counsel also considers whether there is any other basis on which Martinez could attack his prison sentence.  We agree that a reasonableness challenge would be frivolous: The district court correctly calculated Martinez's recommended guidelines range for the kidnapping offense and sentenced him at the bottom of that range.  We would presume reasonable any sentence within the properly calculated guidelines range.  *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  Furthermore, the court applied the 18 U.S.C. § 3553(a) factors, detailing the monstrous nature of the crime and Martinez's serious criminal history before rejecting Martinez's arguments for a below-range sentence based on his health condition (diabetes) and his young age.

The sentencing proceeding, however, was not without flaw.  One error overlooked by appellate counsel is the directive in the judgment that Martinez pay all financial penalties through the BOP's Inmate Financial Responsibility Program.  That program, as we recently reiterated in *United States v. Boyd*, No. 09-1425, 2010 WL 2330395, at *3-4 (7th Cir. June 11, 2010), is voluntary, and it was plain error for the district court to require Martinez's participation.  *See also United States v. Munoz*, Nos. 09-1118 & 09-2245, 2010 WL 2696528, at *7 (7th Cir. July 9, 2010).  We note that it is unlikely, given the modest sum of money at issue, that the error affected the determination of what was otherwise a reasonable sentence.  *See Boyd*, 2010 WL 2330395, at *4.  Therefore, we correct the judgment sua sponte to clarify that participation in the IFRP is voluntary.  *See Munoz,* 2010 WL 2696528, at *7; *Boyd*, 2010 WL 2330395, at *4.

Counsel's motion to withdraw is GRANTED.  The judgment is MODIFIED in accordance with this order and the appeal is DISMISSED.