NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 8, 2010[*]
Decided September 9, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-3750

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05 CR 601-4 |
| RICARDO BEDOYA, *Defendant-Appellant.* | Rebecca R. Pallmeyer, *Judge.* |

**O R D E R**

Ricardo Bedoya pleaded guilty to attempting to possess heroin for distribution. *See* 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced him to 125 months' imprisonment and a $400 fine. In its written judgment the court ordered Bedoya to pay the fine and the $100 special assessment through the Inmate Financial Responsibility Program. Bedoya appeals, advancing the narrow argument that it was clear error for the district court to

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary because these materials adequately present the facts and legal arguments at issue in this case. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(c).

mandate his participation in the IFRP, which is a voluntary program. We modify the judgment to make clear that Bedoya's participation in the IFRP is voluntary.

The district court did not mention the IFRP at sentencing, instead stating that Bedoya's fine was "to be paid from his prison earnings." The court's IFRP directive first appeared in the written judgment, requiring that Bedoya "shall make payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility program." Because this order was not announced at sentencing, Bedoya did not have any opportunity to object, and thus we reject the government's assertion that he forfeited the argument for appeal.

The government concedes that the IFRP is voluntary but still advances two arguments for why the district court's order should stand. First, the government contends that the broad appeal waiver included in Bedoya's plea agreement precludes him from raising this argument on appeal. In the agreement Bedoya waived his right to appeal "any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture." Because the waiver covers any argument related to monetary penalties, the government reasons, Bedoya cannot challenge the district court's directive that he participate in the IFRP. Second, the purported waiver aside, the government argues that the language of the judgment does not make Bedoya's participation mandatory. Emphasizing that the judgment says only that Bedoya must make payments from "any wages he *may* earn in prison," the government insists that the district court left it up to Bedoya to decide "whether or not he earns wages and consequently whether or not he participates in the IFRP."

Neither contention has merit. This case falls squarely under our recent holdings in *United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010), and *United States v. Munoz*, 610 F.3d 989, 997 (7th Cir. 2010). In *Boyd* and *Munoz* we made clear that the IFRP is a voluntary program and that a district court does not have the authority to order a defendant's participation. *Boyd*, 608 F.3d at 335; *Munoz*, 610 F.3d at 997. It is true that Bedoya's appeal waiver forecloses arguments about the district court's choice of sentence and the manner in which it was imposed, but the IFRP is a collection tool, not a type of "sentence." District courts do not have the power to order participation, and a written judgment including such an order is unenforceable. *Boyd*, 608 F.3d at 335. We are similarly unpersuaded by the government's attempts to impose a more lenient reading onto the court's order. The language here is nearly identical to the challenged language which we concluded was error in both *Boyd* and *Munoz*. The issue is straightforward and easily remedied, and we refuse to complicate matters by straining to read the court's order as a suggestion rather than a

directive. Instead, we modify the district court's judgment to clarify that Bedoya's participation in the IFRP is voluntary.

AFFIRMED as MODIFIED.