**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2010
Decided December 27, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-4118

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | 08 CR 50026-1 |
| JOSHUA L. DAVIS, *Defendant-Appellant.* | Philip G. Reinhard, *Judge*. |

**O R D E R**

Joshua Davis pleaded guilty to distributing crack cocaine, see 21 U.S.C. § 841(a)(1), and possessing firearms as a felon, see 18 U.S.C. § 922(g)(1). At sentencing the district court concluded that he qualified for application of the career-offender guideline. See U.S.S.G. § 4B1.1. Davis's base-offense level under § 4B1.1 was 37, but he received a three-level deduction for acceptance of responsibility. See *id.* § 3E1.1. With a total offense level of 34 and a criminal-history category of VI, Davis's guidelines imprisonment range was 262 to 327 months. The court sentenced him to 240 months. Davis appeals, but his appointed lawyer seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot identify a nonfrivolous issue to pursue on appeal. Davis opposes this motion, see CIR. R. 51(b), and has asked that we appoint him new counsel. We confine our review to the potential issues identified in counsel's facially adequate brief and in Davis's response. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel represents that Davis does not want his guilty pleas set aside, a point Davis does not contradict in his Rule 51(b) response. Counsel thus appropriately omits from his *Anders* submission any discussion about the adequacy of the plea colloquy or the voluntariness of the guilty pleas. See *United States v. Knox,* 287 F.3d 667, 671-72 (7th Cir. 2002).

At sentencing Davis argued that he deserved a below-range prison term because, he said, he and a friend had provided the government with substantial assistance. See U.S.S.G. § 5K1.1. The government opposed Davis's request and explained that his friend had ceased cooperating and that neither Davis nor his friend had provided information that led to arrests or other charges. The district court agreed with the government that Davis had not provided substantial assistance, but still the court explicitly stated that it would recognize his effort as a factor in mitigation.

Davis also urged the district court to treat crack and powder cocaine equally when deciding his sentence. The court considered this argument but responded that, even if it relied on the lower statutory penalty for a like amount of powder, Davis would still face an imprisonment range of 188 to 235 months because he was a career offender. And given Davis's need for deterrence and treatment for his mental illness, the court concluded that an appropriate sentence was 240 months.

Counsel now questions whether Davis could challenge the validity of one of the prior convictions that qualified him as a career offender. A collateral attack on a predicate conviction, however, is allowed only when the conviction was obtained in violation of the right to counsel. See *Wilson-El v. Finnan*, 544 F.3d 762, 765 (7th Cir. 2008). Neither counsel nor Davis has made such an argument, and the state-court records from Davis's predicate convictions show that he was represented during both proceedings. Thus we agree with counsel that it would be frivolous to pursue this issue.

Counsel and Davis consider whether Davis could challenge the substantive reasonableness of his prison sentence. Counsel does not identify any potential issue apart from a claim that the term is unreasonable. A reasonableness argument would be frivolous, however, because Davis's prison sentence is 22 months below the bottom of the guidelines range, and counsel cannot articulate any basis to challenge the presumption of reasonableness that applies. See *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008).

Davis, on the other hand, questions whether the district court should have exercised its discretion to sentence him even further below the guidelines. He challenges what he characterizes as the court's refusal to give him "any credit" for his assistance to the government, and he also criticizes the court's conclusion that the stiffer sentences for

offenses involving crack had little impact on his imprisonment range. Both contentions would be frivolous. The court took into account Davis's assistance when selecting a prison term below the range and also evaluated his argument that he should receive a reduced sentence because of the differing penalties for like amounts of power and crack. We would not find an abuse of discretion merely because Davis disagrees with the weight the court gave to his pleas in mitigation. See *United States v. Haskins*, 511 F.3d 688, 696 (7th Cir. 2007).[1] Moreover, Davis cannot benefit from the recently enacted Fair Sentencing Act because that legislation is not retroactive. *United States v. Bell*, 624 F.3d 803, 814-15 (7th Cir. 2010).

Finally, counsel points out that the district court impermissibly ordered Davis to participate in the Inmate Financial Responsibility Program but notes that Davis does not wish to raise the issue. Even so, we have made clear that sentencing courts do not have the authority to mandate participation in the IFRP. *United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010), *cert. denied*, 2010 WL 3485626 (U.S. Nov. 29, 2010); *United States v. Munoz*, 610 F.3d 989, 997 (7th Cir. 2010). But we are satisfied here that this error did not affect what is otherwise a reasonable sentence, and so we modify the sentence to clarify that Davis's participation in the IFRP must be voluntary. See *Boyd*, 608 F.3d at 335. And because we agree with counsel that an appeal would be frivolous, we deny Davis's motion for appointment of new counsel.

Accordingly, counsel's motion to withdraw is GRANTED. The judgment is MODIFIED in accordance with this order, Davis's motion for substitute counsel is DENIED, and the appeal is DISMISSED.

---

[1] Davis also asserts in his Rule 51(b) response that when he committed his crimes he was not taking his psychiatric medication and therefore was unable "to make the right decisions." To the extent that he implies that his mental state provided a ground in mitigation at sentencing, we note that the district court addressed this point in fashioning an appropriate sentence. Davis may disagree with the weight the court gave to his explanation, but that disagreement is not a ground for appeal.