**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 15, 2012[*]
Decided February 28, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1567

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 10 CR 863 |
| OSCAR GARCIA-HERNANDEZ, *Defendant-Appellant*. | George W. Lindberg, *Judge.* |

**O R D E R**

Oscar Garcia-Hernandez appeals the sentence imposed on his guilty plea to illegally reentering the United States after having been removed, *see* 8 U.S.C. § 1326(a). He contends that the district court improperly calculated his criminal-history score under U.S.S.G.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

§ 4A.1.1(c), which authorizes the addition of up to four criminal-history points for prior short-term sentences. The court here, however, added five. The government concedes that this error warrants remand for resentencing.

In 2007 Garcia, a Mexican citizen, was convicted of being a felon in possession of a firearm and imprisoned. In 2009 he was removed to Mexico, but returned and ultimately pleaded guilty to illegal reentry by a previously removed alien. *See* 8 U.S.C. § 1326. At sentencing the probation office initially calculated a total offense level of 17 and a criminal-history score of 9 points (3 points due to a conviction for unlawful use of a firearm, *see* U.S.S.G. § 4A1.1(a); 2 points for illegally reentering the United States while on parole, *see* § 4A1.1(d); and 1 point each for 4 prior convictions that had resulted in only probation or supervision, *see* § 4A1.1(c)). The probation office later supplemented the presentence report to add a fifth point under § 4A1.1(c) to Garcia's criminal-history score for driving on a suspended or revoked license. The fifth point had the effect of raising Garcia's criminal-history score from 9 to 10, his criminal-history category from IV to V, and increasing his Guidelines range from 37-46 months to 46-57 months. At sentencing neither Garcia nor the United States objected to the new calculations, which the district court adopted when imposing a 57-month sentence.

Garcia argues, and the United States concedes, that the district court's inclusion of the fifth point to his criminal-history score exceeded the 4-point maximum under § 4A1.1(c). Because Garcia did not raise this objection during the sentencing hearing, we review for plain error. *United States v. Longstreet*, 567 F.3d 911, 928 (7th Cir. 2009). We accept the government's concession that the district court committed plain error, *see* FED. R. CRIM. P. 52(b); *United States v. Olano*, 507 U.S. 725, 734 (1993). When a sentencing court misapplies the Guidelines and thereby erroneously increases a defendant's Guidelines range, the error can affect the defendant's substantial rights and infect the integrity of judicial proceedings. *United States v. Jaimes-Jaimes*, 406 F.3d 845, 850-51 (7th Cir. 2005); *see United States v. Jumah*, 599 F.3d 799, 813 (7th Cir. 2010). Guidelines errors can also be harmless when the district court makes clear that a final decision is independent of the Guidelines range. *See United States v. Hill*, 645 F.3d 900, 912 (7th Cir. 2011); *United States v. Abbas*, 560 F.3d 660, 666-67 (7th Cir. 2009). In this case, the district judge made clear that he had followed the Guidelines, which he believed had been properly calculated. Because they were not, the determination was plain error and must be remanded for resentencing.

Garcia also contends that the sentencing order improperly compels him to participate in the Inmate Financial Responsibility Program. On remand the district court should clarify that Garcia's participation is voluntary. *See United States v. Boyd*, 608 F.3d 331, 334-35 (7th Cir. 2010).

We **VACATE** Garcia's sentence and **REMAND** for further proceedings.