NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Submitted May 30, 2013
Decided June 3, 2013

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2813

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee*,

*v.*

FUAD JEJNA,
 *Defendant-Appellant*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 10 CR 200-3
Joan B. Gottschall, *Judge*.

**Order**

Fuad Jejna participated in the heist of more than $100,000 from a bank. He pleaded guilty to bank larceny, 18 U.S.C. §2113(b), and together with the prosecutor stipulated to a prison sentence of 46 months. See Fed. R. Crim. P. 11(c)(1)(C). The district judge approved the agreement and imposed the 46-month sentence. As part of the agreement, Jejna waived the right to appeal. After he nonetheless filed a notice of appeal, his lawyer filed an *Anders* brief proposing that the appeal be dismissed as frivolous. We invited Jejna to respond, see Circuit Rule 51(b), and he chose not to use this opportunity.

Counsel reports that Jejna does not want to withdraw his guilty plea, so he properly bypasses the question whether the Rule 11 colloquy was adequate. See *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Because the waiver of appeal stands or falls with the plea, the appeal must be dismissed.

There is one potential exception. The judgment directs Jejna to pay restitution, during his imprisonment, by participating in the Inmate Financial Responsibility Program. See 28 C.F.R. §§ 545.10, 545.11. Although the plea agreement's waiver bars any contest to the amount of restitution, it does not cover the method of *collecting* that sum. See *United States v. Shah*, 665 F.3d 827 (7th Cir. 2011). The district court's order to participate in the Inmate Financial Responsibility Program is erroneous, for the reasons explained in *United States v. Sawyer*, 521 F.3d 792, 794–95 (7th Cir. 2008). See also *United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010).

Jejna's counsel recognized the error and discussed it with his client, who elected not to contest this aspect of the district judge's order. (If Jejna plans to participate in the Program, he has no reason to complain.) This waiver forecloses any relief here. Moreover, we concluded in *Sawyer* that errors in decisions about how restitution will be paid (as opposed to the amount of restitution) do not meet the standards of plain error, because they do not affect the defendant's substantial rights. A person who owes a particular amount as restitution does not have a "substantial right" in deferring the start of payment, we held in *Sawyer*.

We therefore accept the *Anders* submission. Counsel is discharged, and the appeal is dismissed as frivolous.