**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2983
_____

JELANI SOLOMON,
                              Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-15-cv-01323)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2017

Before: SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 21, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Jelani Solomon, a federal prisoner proceeding pro se, appeals an order of the

United States District Court for the Middle District of Pennsylvania denying the petition

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

that he filed under 28 U.S.C. § 2241. For the following reasons, we will affirm the District Court's judgment.

Solomon is currently serving a life sentence in federal prison after being convicted in the United States District Court for the Western District of Pennsylvania of, inter alia, committing murder during and in relation to a drug trafficking crime. The judgment directed Solomon to pay restitution in the amount of $103,748.25 to the family of the murder victim. In pertinent part, the judgment stated that "[p]ayments are initially to be made through [Solomon's] participation in the United States Bureau of Prisons' [BOP] Inmate Financial Responsibility Program [IFRP], through which fifty (50%) percent of defendant's prison salary shall be applied toward the payment of restitution."[1]

Solomon has not made any restitution payments. According to Solomon, when he entered BOP custody, he was placed on "no obligation" or "exempt" status with respect to the restitution order. Thereafter, he agreed to pay 50% of his prison salary toward restitution, but no payments were collected "due to [his] inability to make sufficient funds." In 2014, the BOP asked Solomon to sign a contract under the IFRP whereby he would pay $25 per quarter toward restitution. Solomon refused to sign the contract,

_____

[1] The purpose of the IFRP is to "encourage[] each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. Under the program, prison staff assist an inmate in developing a financial plan to meet those obligations, and monitor the inmate's progress under the plan. See id. § 545.11. The IFRP ordinarily requires a minimum payment of $25 per quarter for non-UNICOR and UNICOR grade 5 inmates. See id. at § 545.11(b)(1). For inmates in UNICOR grades 1 through 4, the IFRP requires payments of at least 50% of the inmate's monthly pay. Id. at § 545.11(b)(2). The IFRP is voluntary, but refusal to participate results in the loss of certain benefits related to, for instance, prison employment wages, commissary spending limits, and housing status. See 28 C.F.R. § 545.11(d).

alleging that the IFRP's $25 minimum quarterly payment requirement conflicted with the sentencing court's order that he pay 50% of his prison salary toward restitution. Solomon filed a grievance, but it was denied at all levels of administrative review.

In July 2015, Solomon filed a petition under 28 U.S.C. § 2241 in the Middle District of Pennsylvania, arguing that the $25 "payments imposed by the [BOP's] IFRP are illegal and that they conflict with the terms imposed by the sentencing court's order."[2] Solomon later acknowledged that "[w]hatever his prison salary is for the month he is obligated and willing to give the BOP half towards his restitution, and has been willing to do so." The matter was referred to a Magistrate Judge, who recommended rejecting the claim because "[i]t is entirely reasonable to infer that the court's explicit reference to the IFRP in its sentence[] included an understanding of the program's requirement that [an] inmate typically pay a minimum of $25 per quarter towards restitution."

Over Solomon's objections, the District Court adopted the Magistrate Judge's recommendation. It held, inter alia, that Solomon's claim was not ripe, noting that his challenge is "anchored in a future event that may not occur[,]" *i.e.*, when "$25.00 quarterly payments amount to a number greater than 50% of his prison salary." Solomon

---

[2] Solomon did not challenge the IFRP itself, see James v. Quinlan, 866 F.2d 627, 631 (3d Cir. 1989) (stating the IRFP was "properly enacted in accordance with the Administrative Procedures Act."), nor did he allege that the sentencing court improperly delegated to the BOP the manner and scheduling of restitution payments, see United States v. Coates, 178 F.3d 681, 685 (3d Cir. 1999) (holding that the manner and scheduling of restitution payments under the Mandatory Victims Restitution Act (MVRA) is a judicial function that cannot be delegated in whole or in part).

appealed. He also filed a motion for reconsideration, which the District Court denied. Solomon filed another notice of appeal.[3]

Solomon's challenge to the BOP's execution of his sentence was properly brought pursuant to § 2241. See McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010). We have jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the denial of a § 2241 petition, we "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam).

We agree that Solomon's claim is not ripe for review. "The ripeness doctrine, like other justiciability doctrines, derives ultimately from the requirement in Article III of the United States Constitution that federal courts are only empowered to decide cases and controversies." Felmeister v. Office of Attorney Ethics, 856 F.2d 529, 535 (3d Cir. 1988). "[R]ipeness implicate[s] two competing concerns: the fitness of issues for judicial review and the hardship to the parties if judicial consideration is withheld." Id. (citing Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967)). "'Even when the constitutional minimum has been met, however, prudential considerations may still counsel judicial restraint." Id. at 535 (quoting Action Alliance of Senior Citizens v. Heckler, 789 F.2d 931, 940 n.12 (D.C. Cir. 1986)).

---

[3] We conclude that the District Court did not abuse its discretion in denying the motion for reconsideration on the ground that it simply reargued a theory that had already been rejected. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (stating that a motion for reconsideration may not be used to relitigate old matters or to present evidence that could have been offered earlier).

Solomon has not made any restitution payments through the IFRP and there is no certainty that, if he chooses to participate in that program, the BOP will attempt to collect more than 50% of his prison salary. See Texas v. United States, 523 U.S. 296, 300 (1998) (stating that a claim is not ripe for adjudication if it rests on some contingent future event). Indeed, as noted above, the BOP did not collect restitution from Solomon when he was unable to "make sufficient funds." Thus, we conclude that Solomon's challenge to the BOP's administration of the sentencing judgment is not sufficiently fit for judicial review. See Felmeister, 856 F.2d at 535-36 ("Whether a question is fit for judicial review depends upon factors such as . . . whether further administrative action is needed to clarify the agency's position). In addition, the hardship to Solomon is not "immediate and significant." Action All. of Senior Citizens of Greater Phila. v. Heckler, 789 F.2d 931, 940 (D.C. Cir. 1986). He is not currently making any restitution payments, and any loss of benefits under 28 C.F.R. § 545.11(d) is attributable to his voluntary refusal to participate in the IFRP. See United States v. Boyd, 608 F.3d 331, 334 (7th Cir. 2010) (holding that the IFRP is a voluntary program); see also Pfizer Inc. v. Shalala, 182 F.3d 975, 979 (D.C. Cir. 1999) (holding that, for purposes of ripeness, company's voluntary decision to incur litigation expenses did not constitute hardship). Moreover, "[t]he conditions in § 545.11(d) amount to the loss of privileges, not the imposition of hardships upon non-participating inmates." Driggers v. Cruz, 740 F.3d 333, 338 (5th Cir. 2014). Under these circumstances, "the scales are clearly tipped in support of the non-ripeness determination." Felmeister, 856 F.2d at 538.

For the foregoing reasons, we will affirm the judgment of the District Court.

5