NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued May 28, 2010
Decided August 18, 2010

**Before**

DANIEL A. MANION,  *Circuit Judge*

ANN CLAIRE WILLIAMS,  *Circuit Judge*

DAVID F. HAMILTON,  *Circuit Judge*

| | |
|---|---|
| No. 09-2451 | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division |
| UNITED STATES OF AMERICA, | |
| *Plaintiff-Appellee,* | |
| | No. 06 CR 133 |
| *v.* | |
| | **Rudy Lozano**, *Judge*. |
| GUILLERMO RIVERA, | |
| *Defendant-Appellant*. | |

**O R D E R**

Guillermo Rivera was sentenced in the Northern District of Indiana to 140 months' incarceration, 3 years' supervised release, and ordered to pay a fine of $300 and $12,353 in restitution for three bank robberies. On appeal, he argues that the district court intended to make this sentence fully concurrent with a previous sentence of 104 months he received in the neighboring Northern District of Illinois for bank robberies

committed there, but mistakenly structured the sentence so that it is only partially concurrent.  Because we cannot determine the district court's intent, we vacate the sentence and remand for clarification.

I.

In 2004 and 2006, Rivera robbed several banks in Illinois and Indiana—he was eventually indicted for seven, but his presentence investigation report listed several additional, uncharged, robberies. He was arrested in 2006, but a number of delays—most of which were of his own making—put off his trial on the Indiana charges for nearly three years. In July 2008, he pleaded guilty in the Northern District of Illinois and, in October, was sentenced to 104 months. Seven months later, on the eve of trial in the Northern District of Indiana, he pleaded guilty to three counts of bank robbery.

The presentence investigation report calculated Rivera's guidelines range at 140 to 175 months. At sentencing, Rivera raised three objections: first, that he should not receive an enhancement for obstruction of justice; second, that he should receive a reduction for acceptance of responsibility; and, finally, that he should not receive an enhancement for a death threat he made to a bank teller in one of the robberies. He also requested a sentence below the guidelines range and asked the court to make his sentence concurrent with his Illinois sentence. The government agreed that the sentences should be concurrent and that Rivera should receive credit for time he had already served.

The district court rejected Rivera's arguments and gave him a within-the-guidelines sentence of 140 months, but did "feel[], because of the proximity of time, that this sentence should be served concurrently with the term of imprisonment in the Chicago cases." In the sentencing order, the court stated that the term of imprisonment was to run concurrently with the Illinois sentence and recommended to the Bureau of Prisons that Rivera "be given credit for time served."

It also ordered Rivera to pay a total of $12,353 in restitution to the banks he robbed.  At the hearing, it set a schedule of minimum payments of $100 a month, beginning 30 days after the start of Rivera's supervised release. The court also stated that Rivera "shall make restitution payments of any wages earned in prison in accordance with the Bureau of Prisons' Financial Responsibility Program." The

sentencing order made the restitution payment due immediately or, failing that, set the repayment schedule as indicated at the hearing. The written order did not mention repayment during prison through the Inmate Financial Responsibility Program. Rivera appeals his sentence.

## II.

The parties agree that the proper standard for review is plain error because Rivera did not raise the district court's mistake at any time before the appeal. *United States v. Olano*, 507 U.S. 725, 734–36 (1993). This means that we will only vacate his sentence if he establishes that (1) there was an error, (2) it was plain or obvious, (3) it affected his substantial rights, and (4) it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Rivera argues that the district court mistakenly structured his sentence so that he will serve seven months more than the district court actually intended. This is so, according to Rivera, because the district court intended his sentence to run fully concurrent with his sentence in the Illinois case. But instead of reducing Rivera's sentence to 133 months to account for the seven months that he had already served on the undischarged Illinois conviction from the Northern District of Illinois, the district court simply recommended to the Bureau of Prisons that he be given credit for any time he had already served.

If, as Rivera contends, this was the district court's intention, it overlooked significant problems with this approach. First, the district court's recommendation to the Bureau has no legal effect because it exceeds the court's authority. *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). Second, and more importantly, even if the Bureau of Prisons wanted to give credit for the seven months between the conviction in the Northern District of Illinois and this one, it could not: According to 18 U.S.C. § 3585(b), the Bureau cannot credit time served against a sentence if it has already been credited against another sentence. *Id.* at 594. In this case, the seven months have already been credited against his Northern District of Illinois sentence.

If the district court wished to give a fully concurrent sentence, the effective procedure is suggested by the guidelines. As § 5G1.3(b) explains, the district court could have determined that some of the time served would not be credited and reduced

Rivera's sentence accordingly. And although § 5G1.3(b) applies to sentences made concurrent with undischarged sentences for conduct considered "relevant conduct" in the guideline calculation, and thus does not directly apply here where the prior offense only factored into the criminal history calculation, it is still instructive when giving a concurrent sentence under the discretionary § 5G1.3(c).

The government argues that the district court actually intended to give a sentence only partially concurrent with the sentence from the Northern District of Illinois. In its view, the court's recommendation to the Bureau merely suggests that the court wanted Rivera to get time-served credit to which he was entitled, but not the extra seven months. Thus, Rivera would serve 140 months (minus any time served prior to the conviction in the Northern District of Illinois, presumably) beginning from his conviction in the Northern District of Indiana, rather than beginning that sentence after completing the remaining 97 months of the undischarged sentence from the Northern District of Illinois.

Of course, this could be what the district court intended. And no one has argued that such a result would be unreasonable or an abuse of discretion by the district court. But the problem is that we cannot say for certain which result the district court intended.[1] The court did not explicitly state whether it intended a fully or partially concurrent sentence. And although the government does not concede that the district court erred, it does admit that remanding the case for clarification would do no harm. We agree. If the district court intended to make the sentences fully concurrent, it was plain error to structure the sentence the way it did. And seven months' more imprisonment than the district court intended would affect Rivera's substantive rights and the fairness of the proceedings. Therefore, we vacate the sentence and remand to the district court for clarification.

Rivera also argues that the district court committed plain error by ordering him to participate in the voluntary Inmate Financial Responsibility Program. He is correct

---

[1] We note that the better procedure in cases like this—essentially claiming a mistake by the district court, rather than a legal or factual error or an abuse of discretion—would be for the defendant to bring the mistake directly to the district court's attention and ask it to correct the "clear error" of the sentence within the time allowed for such motions under Federal Rule of Criminal Procedure 35(a). This would allow the district court to correct its own mistake, or at least clarify what it intended, without the need for an appeal.

that such an order would constitute plain error. *United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010). It is not obvious to us that the district court was ordering participation when it ordered Rivera to make restitution payments of "*any* wages earned in prison in accordance with the [Inmate Financial Responsibility Program]," and, in any event, our normal cure for such an error would be a simple modification of the sentencing order. *See id.*; *United States v. Munoz*, 2010 WL 2696528, at *7 (7th Cir. July 9, 2010). But because we are remanding the case anyway, the district court should clarify that it is neither ordering participation in the voluntary financial responsibility program, *see Boyd*, 608 F.3d at 335, nor, equally impermissible, ordering the Bureau of Prisons to make a particular use of funds that Rivera earns while in prison. *See United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008).

III.

Because it is not clear whether the district court intended Rivera's sentence to run fully or partially concurrent with the sentence from the Northern District of Illinois, we **VACATE** the sentence and **REMAND** the case for clarification.