**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2012
Decided July 20, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1009

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:06cr133-001 |
| GUILLERMO RIVERA, *Defendant-Appellant*. | Rudy Lozano, *Judge.* |

**O R D E R**

This matter is before us a second time. *See United States v. Rivera*, 393 F. App'x 385 (7th Cir. 2010). Guillermo Rivera was indicted in both the Northern District of Illinois and the Northern District of Indiana after embarking on a spree of seven bank robberies. *See* 18 U.S.C. § 2113(a). The Illinois robberies were resolved first, and the judge in the Northern District of Illinois sentenced Rivera to a total of 104 months' imprisonment. Seven months later, in May 2009, he was sentenced in the Northern District of Indiana to 140 months' imprisonment on each of three counts, all running concurrently with each other. *Rivera*, 393 F. App'x at 386. The district court also said it was making these terms run concurrently with the prison terms imposed in the Northern District of Illinois. But the court was unclear whether it expected the 140-month terms to begin on the date they were imposed ("partially concurrent," according to the parties) or, instead, on the date Rivera had been sentenced in

the Northern District of Illinois (an outcome the parties described as "fully concurrent" but which could have been achieved only by shaving seven months from the new terms to compensate for Rivera's incarceration since his sentencing hearing in Illinois). *Id*. at 386–87. Rivera appealed and argued that the judge had intended his sentence for the Indiana bank robberies to be "fully concurrent" with the prison terms imposed for the robberies committed in Illinois. We vacated the sentence in the Northern District of Indiana and remanded for the court to clarify whether Rivera was to serve 140 months beginning on the date of his sentencing in that district or on the date of his earlier sentencing in the Northern District of Illinois. *Id*. at 387.

On remand the district court reimposed concurrent, 140-month prison terms. The court clarified that the Indiana terms were to commence when Rivera was sentenced in Indiana in May 2009, and run concurrently with the undischarged terms imposed in the Northern District of Illinois. Rivera again filed a notice of appeal, but his newly appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Rivera has not responded to counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issue identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Appellate counsel correctly omits discussion of potential issues that could have been raised in Rivera's previous appeal and thus are beyond the scope of our remand and waived. *See United States v. Barnes*, 660 F.3d 1000, 1006 (7th Cir. 2011); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). As counsel notes, Rivera is now limited to arguing that the district court abused its discretion in choosing to make the prison terms for his Indiana bank robberies only "partially concurrent" with the terms imposed in the Northern District of Illinois. But this contention would be frivolous, counsel concludes, because in the previous appeal we observed that Rivera had not suggested that "partially concurrent" sentences would be "unreasonable or an abuse of discretion." *Rivera*, 393 F. App'x at 387.

We agree that the potential argument would be frivolous. The district court had discretion to structure Rivera's prison terms for the Indiana bank robberies as appropriate to achieve a reasonable punishment for those crimes. *See* U.S.S.G. § 5G1.3(c). By sentencing Rivera to 140 months beginning in May 2009, Judge Lozano effectively decided that Rivera should serve a total of 147 months for the entire spree of seven bank robberies across both states. This outcome is reasonable, since Rivera would have received two more offense levels and faced a guidelines range of 168 to 210 months if he had been sentenced for all seven robberies in a single jurisdiction. *See* U.S.S.G. §§ 3D1.2, 3D1.4. The total of 147 months is substantially below the minimum of that range, and thus we would not conclude that the district court erred in ordering Rivera to serve his 140-month sentence at the same time as

he serves his 104-month sentence for robbing banks in Illinois, except for the seven-month lag between sentencing hearings.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.