NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 28, 2010[*]
Decided August 3, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-2758

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-Cr-134 |
| DERRICK POWE, *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

Derrick Powe pleaded guilty to three counts of armed bank robbery, 18 U.S.C. § 2113(a), (d)(2), and one count of brandishing a firearm during a crime of violence, *id.* § 924(c)(1)(A)(ii). The district court sentenced him to a total of 346 months' imprisonment.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Powe argues, and the government concedes, that the guidelines imprisonment range was miscalculated.

The district court concluded that Powe is a career offender, and Powe does not challenge that finding. When a career offender is convicted on multiple counts, one of which is for a violation of § 924(c), the Sentencing Guidelines prescribe the way in which the sentence should be constructed. Essentially, they require a comparison between two ranges: first, the range that results from adding the mandatory minimum consecutive penalty required for the § 924(c) count to the minimum and maximum sentence that would apply to the remaining counts of conviction; and second, a specified amount from a table in § 4B1.1(c)(3) that sets forth three ranges, depending on whether the defendant qualifies for a reduction based on acceptance of responsibility. See U.S.S.G. § 4B1.1(c)(2); *United States v. Turner*, 604 F.3d 381, 384 (7th Cir. 2010). The applicable range is the larger of those two – a number specified as the range with the greatest *minimum,* not the greatest maximum. The district court has discretion to structure the sentence so that the proper number of months will be reached, see U.S.S.G. § 5G1.2(e), as long as its final sentence respects Congress's command that the sentence for the § 924(c) violation must be consecutive to the sentence for the other counts of conviction.

In Powe's case, the district court announced, consistent with the presentence report, that Powe's guidelines imprisonment range was 262 to 327 months. The writer of the PSR had first calculated the sentence that Powe would receive for the armed bank robbery counts. It is a crime of violence, as defined by U.S.S.G. § 4B1.2(a), and the statute provides for possible incarceration of not more than 25 years, see 18 U.S.C. § 2113(a) & (d); thus, for a career offender like Powe, the offense level under U.S.S.G. § 4B1.1(b)(B) is 34, and his criminal history category was VI. After a three-level reduction for acceptance of responsibility, this yielded an advisory guideline range of 188-235 months for the bank robbery counts. The last step for the initial calculation is to add the mandatory consecutive 84-month sentence to the bottom and top of that range. Using this approach, Powe's adjusted range was 272-319 months. Following § 4B1.1(c)(2), the next step required the probation officer to choose the proper range from § 4B1.1(c)(3) for the entire sentence (not just the armed bank robbery sentence). Because Powe was receiving a three-level reduction for acceptance of responsibility, the table specified a range of 262-327 months as his advisory range. It was here that the first error crept into the case. All parties before the court assumed that the sentence from the table was the greater one, because it went up to 327 months at the high end. Application Note 3(B), however, says that the range with the greatest minimum is the one that should be used in assessing comparative severity. See U.S.S.G. § 4B1.1 cmt. n.3(B). The court therefore should have used the 272 to 319 month range as the recommended guidelines sentence.

That was not the only problem, however. After considering the factors required by 18 U.S.C. § 3553(a), the district judge noted that the guidelines "represent a body of over two decades of sentencing wisdom." At no point did the judge suggest that he was rejecting that guidance, or that the nature and circumstances of the crimes or Powe's personal characteristics warranted a sentence outside the calculated guidelines range. But rather than following either range recommended by the guidelines – the correct one or the incorrect one – the court instead took the range from the table and added another 84-month consecutive term on top of it, thus reaching a "low" end number of 346 months. That was the sentence the court imposed. Neither the government nor the defendant pointed out that this amounted to double-counting of the mandatory 84-month sentence for the 924(c) count. Nor did the court explain its action. If the court intended to impose a sentence within the range recommended by the guidelines – and that is what the record suggests – then it should have used the advisory range of 188-235 for the bank robbery counts and added on the mandatory 84-month sentence on the § 924(c) conviction. See 18 U.S.C. § 924(c)(1)(A)(ii); *United States v. Calabrese*, 572 F.3d 362, 367 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 1879 (2010); U.S.S.G. § 5G1.2 cmt. n.3 (providing examples of how imprisonment should be apportioned). This was a misapplication of § 5G1.2(e), and, accordingly, we accept the government's concession that Powe must be resentenced.

Additionally, we agree with the parties that the district court should not have mandated participation in the Inmate Financial Responsibility Program, 28 CFR § 545.10. Participation in that program is voluntary. See *United States v. Munoz*, Nos. 09-1118 & 09-2245, 2010 WL 2696528, at *7 (7th Cir. July 9, 2010); *United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010). The judgment issued on resentencing should correct this misstatement.

VACATED and REMANDED.