**UNITED STATES of America,**

v.

**Curtis TAYLOR, Defendant.**

**No. 09 Cr. 0415(VM).**

United States District Court,
S.D. New York.

April 14, 2011.

Christopher Douglas Frey, Michael Scott Bosworth, U.S. Attorney's Office, New York, NY, for United States of America.

Kelley J. Sharkey, Kelley J. Sharkey, Esq., Brooklyn, NY, Winston Lee, Winston Lee Esq., Sabrina P. Shroff, Federal Defenders of New York Inc., New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

On December 16, 2010, defendant Curtis Taylor ("Taylor") was convicted by a jury of counts 1 through 4 of indictment 09 Cr. 0415, which charged him with (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("Count 1"); (2) Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 1952 ("Count 2"); (3) using a weapon during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (" § 924(c)" or "Count 3"); and (4) possession of a controlled substance by fraud and forgery, and aiding and abetting the same, in violation of 21 U.S.C. § 843(a)(3) and 18 U.S.C. § 2 ("Count 4"). In connection with the sentencing of Taylor, the United States Probation Office ("Probation") prepared a presentence investigation report ("PSR"), dated April 6, 2011. Upon review of Taylor's criminal history and in light of the instant convictions, Probation determined that Taylor qualified as a career offender within the meaning of § 4B1.1 (" § 4B1.1") of the United States Sentencing Guidelines ("Guidelines").[1]

Pursuant to § 4B1.1, Taylor's criminal history category level falls into category VI. See § 4B1.1. Because Taylor was convicted of Hobbs Act Robbery which carries a statutory maximum of 20 years, (see 18 U.S.C.1951(a)), his offense level amounts to 32.[2] See § 4B1.1. As calculated in the PSR, Taylor's Guidelines range for Counts

---

1. All Guidelines references are to the November 1, 2010 edition.

2. If Taylor were not subject to the career offender enhancement, he would have an offense level of 22 and a criminal history category of IV with a Guidelines range of 63 to 78 months. (See PSR ¶¶ 59, 103.)

1, 2, and 4 is 360 months to life, and a sentence of at least 84 months for Count 3 must run consecutively to Counts 1, 2, and 4. (PSR at 21.) For the reasons stated below, the Court finds that the PSR calculates Taylor's Guidelines range incorrectly.

The Guidelines range for an offense level of 32 and a criminal history category of VI is 210 to 262 months. (*See* Guidelines Sentencing Table.) However, since Taylor qualifies as a career offender and was convicted of the firearms charge in violation of § 924(c) in addition to Hobbs Act Robbery, the Court must consult § 4B1.1(c) of the Guidelines ("§ 4B1.1(c)"). Section 4B1.1(c)(2) provides:

> In the case of multiple counts of conviction in which at least one of the counts is a conviction other than a conviction for 18 U.S.C. § 924(c) . . ., the guideline range shall be the greater of-
>
> (A) the guideline range that results by adding the mandatory minimum consecutive penalty required by the 18 U.S.C. § 924(c) . . . count(s) to the minimum and the maximum of the otherwise applicable guideline range determined for the count(s) of conviction other than the 18 U.S.C. § 924(c) . . . count(s); and
>
> (B) the guideline range determined using the table in subsection (c)(3).

§ 4B1.1(c)(2). Therefore, to calculate Taylor's Guidelines range under § 4B1.1(c), the Court is required to add 84 months, the minimum term of imprisonment required by § 924(c) for Count 3, to the minimum and the maximum of Taylor's Guidelines range (*i.e.*, 210 to 262 months), resulting in a Guidelines range of 294 to 346 months. *See* § 4B1.1(c)(2)(A).

The Court must then determine the career offender Guidelines range from the table in § 4B1.1(c)(3). *See* § 4B1.1(c)(2)(B). As set forth below, the table in § 4B1.1(c)(3) provides three applicable Guidelines ranges for the § 924(c)

offense, which is dependent on whether a defendant is eligible pursuant to § 3E1.1 of the Guidelines (" § 3E1.1") for a reduction because of his acceptance of responsibility. *See* 4B1.1(c)(3).

*§ 4B1.1(c)(3) Table*

| § 3E1.1 reduction | Guideline Range for § 924(c) |
|---|---|
| No reduction | 360 to life |
| 2–level reduction | 292–365 |
| 3–level reduction | 262–327 |

Because Taylor exercised his right to a jury trial and was convicted, he is not eligible to receive a § 3E1.1 reduction for acceptance of responsibility. Accordingly, Taylor's Guidelines range is 360 months to life. *See* § 4B1.1(c)(3). The Court must next determine which of the two ranges is applicable to sentence Taylor—the 294 to 346 months range or the 360 months to life range. *See* § 4B1.1(c)(2)(A). Pursuant to § 4B1.1(c)(2), 360 months to life is the applicable guidelines range for Taylor because that range has the greater minimum term of imprisonment of the two ranges. Using the above method of calculation, the PSR indicates correctly that Taylor's Guidelines range for Counts 1, 2, and 4 is 360 months to life. However, the PSR states incorrectly that a sentence of at least 84 months for Count 3 must run consecutively to the sentence imposed for Counts 1, 2, and 4, for a total of 444 months to life. When sentencing a career offender on multiple counts of conviction, the Court must refer to § 5G1.2 (e) of the Guidelines (" § 5G1.2(e)"). Section 5G1.2(e) provides, in pertinent part:

> [T]o the extent possible, the total punishment is to be apportioned among the counts of conviction, except that (1) the sentence to be imposed on a count requiring a minimum term of imprisonment shall be at least the minimum required by statute; and (2) the sentence to be imposed on the 18 U.S.C. § 924(c)

or § 929(a) count shall be imposed to run consecutively to any other count. U.S.S.G. § 5G1.2. The commentary to § 5G1.2 contains specific provisions when convictions of § 924(c) violations for career offenders are involved. For example, comment 3(A) provides:

The sentence imposed for a conviction under 18 U.S.C. § 924(c) or § 929(a) shall, under that statute, consist of a minimum term of imprisonment imposed to run consecutively to the sentence on any other count. Subsection (e) requires that the total punishment determined under § 4B1.1(c) [i.e., the Career Offender provision] be apportioned among all the counts of conviction. In most cases, this can be achieved by imposing the statutory mandatory minimum term of imprisonment on the 18 U.S.C. § 924(c) or § 929(a) count, subtracting that minimum term of imprisonment from the total punishment determined under § 4B1.1(c), and then imposing the balance of the total punishment on the other counts of conviction.

§ 5G1.2(e), cmt. 3. By statute, the Court is required to sentence Taylor on Count 3 for the § 924(c) offense to run consecutively to the other three counts. However, the PSR's recommendation of adding 84 months on top of the 360 months to life range equates to impermissible double counting since § 4B1.1(c) has already accounted for the § 924(c) offense. In *United ed States v. Powe,* the United States Court of Appeals for the Seventh Circuit found that the district court misapplied § 5G1.2(e) when it added the mandatory 84–month sentence for a § 924(c) conviction to the range determined pursuant to § 4B1.1(c)(3). *See* 394 Fed.Appx. 299, 301–02 (7th Cir.2010).

Taking into consideration comment 3 to § 5G1.2(e) and guidance from the Seventh

Circuit in *Powe,* the Court concludes that the appropriate Guidelines range for Taylor is 360 months to life, not 444 months to life as calculated in the PSR. The Court further concludes that Taylor's sentence should be apportioned between the four counts as follows. First, the statutory minimum term of imprisonment on Count 3 (*i.e.,* 84 months) should be imposed. Second, the Court should subtract 84 months from the total punishment determined under § 4B1.1(c) for all four counts (*i.e.,* 360 months to life). Finally, the Court should impose the balance of the total punishment (*i.e.,* 360 months minus 84 months) for Counts 1, 2, and 4.

Assuming for the sake of illustration that the Court determines that a sentence of 400 months is appropriate, the Court must first impose a sentence of 84 months for Count 3. Then, as proscribed by comment 3 to § 5G1.2(e), the Court must subtract the 84 months from the total punishment of 400 months and, finally, impose the difference of 316 months for Counts 1, 3, and 4. Calculating the sentence in this fashion will not only avoid the issue of double counting, but will allow the Court to account for the mandatory consecutive sentence that it must impose on Count 3. *See United States v. Thompson,* 454 F.3d 459, 468 (5th Cir.2006). Again, the Court emphasizes that the above example is for illustration purposes and does not reflect the Court's judgment as to the appropriate sentence to be imposed in this case.

### ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the United States Probation Office is directed to prepare a revised presentence investigation report consistent with this Decision and Order by May 9, 2011; and it is further

445

**ORDERED** that the parties are directed to submit additional sentencing memoranda, if any, by May 16, 2011; and it is further

**ORDERED** that the sentencing of defendant Curtis Taylor currently scheduled for April 15, 2011 is rescheduled to May 20, 2011 at 3:00 p.m.

**SO ORDERED.**