NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 2, 2012
Decided March 8, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2277

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-134 |
| DERRICK POWE, *Defendant-Appellant*. | Rudolph T. Randa, *Judge*. |

**O R D E R**

Derrick Powe pleaded guilty to three counts of armed bank robbery, 18 U.S.C. § 2133(a), (3)(2), and one count of brandishing a firearm during a crime of violence, *id.* § 924(c)(1)(A)(ii). The district court sentenced him to a total of 346 months' imprisonment. Powe appealed, arguing that the district court incorrectly calculated the guidelines range. We agreed and remanded for resentencing. See *United States v. Powe*, 394 F. App'x 299 (7th Cir. 2010). On remand, the district court imposed a sentence of 300 months' imprisonment.

Powe again appeals, but this time his appointed lawyer seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Powe opposes his counsel's motion. See CIR. R. 51(b). After reviewing counsel's brief, Powe's response, and the record, we conclude that the appeal would be frivolous. We therefore grant counsel's motion to withdraw and dismiss the appeal.

In our earlier order, we explained that the district court had committed two errors. First, it chose the incorrect guidelines range. When a career offender is sentenced on multiple counts, one of which includes brandishing a firearm in violation of § 924(c), the court must first calculate the guidelines range for the non-firearm counts and then add to that the mandatory 84-month sentence for the firearm count. Next, the court must independently calculate a guidelines range for all of the counts using the appropriate table. Finally, it must compare the two ranges produced using these different methodologies and select whichever has the greatest *minimum* sentence. U.S.S.G. § 4B1.1(c)(2). During Powe's first sentencing hearing, the district court erred by selecting the range with the greatest *maximum* sentence. Second, the court erred by double counting the mandatory 84-month sentence. After the court chose a sentence within the (wrong) guidelines range, it then added another 84 months to be served consecutively. We remanded for resentencing, explicitly directing the court to use a "272 to 319 month range as the recommended guidelines sentence," and emphasized that this range already took into account the 84-month mandatory term. 394 F. App'x at 301.

On remand, the district court followed these directions. It first noted that the correct guidelines range was 272 to 319 months. It then selected a sentence of 300 months' imprisonment and properly refrained from adding another 84 months on top of this sentence. (In addition, the court followed our direction to make it clear that participation in the Inmate Financial Responsibility Program is voluntary.)

Counsel concludes that any challenge to Powe's revised sentence would be frivolous, and we agree. The court's new guidelines calculation was correct. Using that point of reference, the court then specifically considered Powe's history, characteristics, and the nature of the offense – *i.e.* the factors in 18 U.S.C. § 3553(a) – and imposed a sentence in the middle of the range. Counsel cannot find any reason to disregard the presumption of reasonableness applicable to sentences within the guideline range, nor can we. See *Rita v. United States*, 551 U.S. 338, 347 (2007).

In addition, counsel considers whether Powe could appeal his conviction. Counsel concludes that any challenge to the conviction would be frivolous because Powe did not challenge his conviction during his earlier appeal and has thus waived those arguments. In his Rule 51(b) motion, Powe does not seek to challenge the voluntariness of his plea agreement. We therefore agree with Counsel that any challenge to the underlying plea would be frivolous.

In his own submission to the court, Powe argues that the district court has made the same mistake again. In Powe's view, the district court should never have added the 84-month mandatory sentence to the guidelines range. This misconstrues our earlier opinion. It was proper for the court to add the 84 months to the guidelines range, but the court could not, after selecting a sentence within that range, add *another* 84 months.

Finally, Powe argues that the restitution award was incorrect because it did not take into account money that was taken pursuant to the forfeiture order. Even if this argument were not waived by failing to present it during Powe's first appeal, it would be frivolous. "[O]utside the rare occasion where the same party stands to benefit from both payments," restitution does not need to be offset by any forfeiture amount. *United States v. Venturella*, 585 F.3d 1013, 1020 (7th Cir. 2009).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.